IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| LG.PHILIPS DISPLAYS USA, INC., | : Case No. 06-10245 (BLS) |
| | : |
| Debtor. | : Objection Deadline: June 12, 2012 at 4:00 p.m. |
| | : Hearing Date: June 19, 2012 at 9:30 a.m. |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING
ABANDONMENT AND DESTRUCTION OF RECORDS**

Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Debtor") moves this Court, pursuant to 11 U.S.C. §§ 554(a) and 105(a), for an Order authorizing abandonment and destruction of records (the "Motion"), and in support states:

**Jurisdiction, Core Nature, and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

A.  **Introduction**

2. The Debtor was in the business of manufacturing cathode ray tubes for subsequent incorporation into television sets, and importing cathode ray tubes for subsequent incorporation into computer monitors.

3. On March 15, 2006, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

4.  On May 25, 2006, the Court entered an order converting this case from a case under chapter 11 of the Bankruptcy Code to a case under chapter 7. On or about May 26, 2006, the Office of the United States Trustee appointed the Trustee.

5.  The Debtor ceased all operations almost six years ago, and the Trustee is finalizing his administration of the Estate.

**B.    The Ohio and Delaware Records**

6.  In the course of its business, the Debtor accumulated a great many records, including but not limited to documents regarding the Debtor's customers, vendors, sales, payroll, and employee benefits and pensions (the "Records"). As well as paper documents, the Records include certain devices on which information is stored electronically, including but not necessarily limited to computer hard drives. Some of the Records contain personal and financial information of a sensitive or confidential nature.

7.  Shortly after his appointment, the Trustee gathered substantially all of the Records then in existence, and placed a portion of them in storage at a secure facility in Findlay, Ohio (the "Ohio Records"). The Trustee placed the remaining portion of the Records in a secure facility in New Castle, Delaware (the "Delaware Records"). An inventory of the Ohio and Delaware Records is attached to this Motion as Exhibit "A."

8.  The Ohio records are still located at the original secure facility in Findlay, Ohio. However, the Delaware Records are no longer at their original facility. In or around July, 2011, the law firms of Saveri & Saveri, Inc. and Trump, Alioto, Trump & Prescott, LLC, (together, "California Counsel"), acting as counsel for plaintiffs in a certain antitrust litigation pending in the United States District Court for the Northern District of California at No. M-07-5944 SC (the "California Litigation"), contacted the Trustee and requested access to the Delaware Records.

9. The Trustee and California Counsel agreed to certain terms and conditions under which the Trustee would turn over the Delaware Records to California Counsel for use in connection with the California Litigation. These terms and conditions are set out in the Stipulation and Rider to Protective Order Between Jeoffrey L. Burtch, Chapter 7 Trustee for LG.Phillips [*sic*] Displays USA, Inc. and Plaintiffs' Lead Counsel (the "California Stipulation"), a copy of which is attached hereto as Exhibit "B" and incorporated by reference. The California Stipulation refers to a certain Protective Order (the "California Protective Order") filed in the California Litigation on June 12, 2008, a copy of which is included as part of Exhibit B attached hereto, and also incorporated herein by reference.

10. Pursuant to the California Stipulation, California Counsel has taken possession of all of the Delaware Records. The California Stipulation provides, *inter alia*, that California Counsel shall treat all of the Records in its possession as "confidential" pursuant to the California Protective Order; that California Counsel shall bear the costs of removal and storage of such Records; and that upon this Court's entry of an order authorizing destruction of such Records, California Counsel will, following the conclusion of the California Litigation, destroy such Records at its own expense.

11. In addition to the California Stipulation, on March 30, 2012, the Trustee entered into a similar stipulation (the "Delaware Stipulation") with the plaintiff (the "Delaware Plaintiff") in a certain action titled Carlo Vichi v. Koninklijke Philips Electronics N.V. et al., pending before the Delaware Court of Chancery at C.A. No. 2578 (the "Delaware Litigation"), pursuant to which the Delaware Plaintiff may review and/or take possession of some or all of the Records. A copy of the Delaware Stipulation is attached hereto as Exhibit "C," and incorporated by reference. The Delaware Stipulation refers to a certain Protective Order (the "Delaware

Protective Order") filed in the Delaware Litigation on July 2, 2007, a copy of which is included as part of Exhibit C attached hereto, and also incorporated herein by reference.

12. The Delaware Plaintiff has not taken possession of any Records. However, upon information and belief, California Counsel and the Delaware Plaintiff have reached an understanding with respect to the Records and California Counsel may soon provide the Delaware Plaintiff with the opportunity to review and make copies of the Delaware Records. Any of the Records, including copies, that the Delaware Plaintiff obtains will be covered by the Delaware Stipulation. Like the California Stipulation, the Delaware Stipulation provides, *inter alia*, that the Delaware Plaintiff shall treat all of the Records in its possession as "confidential" pursuant to the Delaware Protective Order; that the Delaware Plaintiff shall bear the costs of removal and storage of such Records; and that upon this Court's entry of an order authorizing destruction of such Records, the Delaware Plaintiff will, following the conclusion of the Delaware Litigation, destroy such Records at its own expense.

13. California Counsel and the Delaware Plaintiff have not yet reviewed or taken possession of any of the Ohio Records. However, they are each presently engaged in discussions with the Trustee's office regarding obtaining access to the Ohio Records to review and/or take possession of some or all of those Records. The California Stipulation and/or the Delaware Stipulation, as the case may be, would apply to any of the Ohio Records, including copies, of which either litigant may take possession.

C. **The Adversary Proceeding Records**

14. In addition to the Ohio and Delaware Records, the Trustee came into possession of certain other records in connection with an adversary proceeding (the "Adversary Proceeding") that he brought on the Estate's behalf against, *inter alia*, JPMorgan Chase Bank,

N.A., in this Court at AP No. 08-50458 (the "<u>Adversary Proceeding Records</u>").[1] The Adversary Proceeding Records consist mainly of documents directly related to the Adversary Proceeding, including deposition transcripts, legal research and legal memoranda, emails and other documents received from third parties in connection with discovery undertaken during the Adversary Proceeding, and drafts of various pleadings filed and/or served in the Adversary Proceeding. An inventory of the Adversary Proceeding Records is attached to this Motion as Exhibit "<u>D</u>."

15. In addition to the material listed on this inventory, the Adversary Proceeding Records include certain electronic storage devices, including a back-up tape on which electronic versions of substantially all of the documents comprising the Adversary Proceeding Records are saved, and certain hard drives. The Adversary Proceeding Records are located at a storage facility maintained by the law firm of Cozen O'Connor. The Trustee believes that neither California Counsel nor the Delaware Plaintiff wish to review and/or take possession of any of the Adversary Proceeding Records.

### Relief Requested

16. The Trustee requests an order authorizing, but not directing, abandonment and destruction of all of the Records.

### Applicable Authority

17. 11 U.S.C. § 554(a) states, "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

---

[1] The term "Records" defined above shall include the Adversary Proceeding Records.

18.     11 U.S.C. § 105(a) authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

19.     Courts have authorized debtors to destroy or abandon books and records in other cases where such books and records were burdensome or of inconsequential value to the estate. See, e.g., In re Adelphia Hospital Corp., 579 F.2d 726 (2d Cir. 1978) (permitting the trustee of a debtor hospital to dispose of patients' medical records, even though applicable regulations required hospitals to maintain, store, and service those records for at least six years); In re Cult Awareness Network, Inc., 205 B.R. 575 (N.D. Ill. 1997) (permitting trustee to abandon files containing information on various religious entities); In re PubliCARD, Inc., Case No. 07-11517 (RDD) (Bankr. S.D.N.Y. Jan. 30, 2008) [Docket No. 86] (order authorizing reorganized debtor's destruction of certain personnel, accounting, and payroll records, among other items); In re ProCare Auto. Sys. Solutions, LLC, Case No. 06-10605 (PEMC) (Bankr. N.D. Ohio June 8, 2007) [Docket No. 979] (order authorizing liquidating trustee's destruction of certain obsolete records); In re Texfi Indus. Inc., Case No. 00-10603 (AJG) (Bankr. S.D.N.Y. Mar. 30, 2007) [Docket Nos. 778, 784] (order granting authorizing chapter 11 trustee's destruction of, among other things, personnel files for all former employees); In re Xpedior Inc., 354 B.R. 210, 221 (Bankr. N.D. Ill. 2006) (authorizing plan trustee to destroy all books and records because, among other things, "all the Debtors' assets [were] liquidated . . . [and] there exist[ed] no business purpose for retaining the Debtors' books and records.").

### Analysis

20.     The Records have become burdensome, and are no longer of value to the Estate. Consequently, the Trustee seeks to abandon them pursuant to section 554(a).

21. The Debtor long ago permanently ceased all operations, and the Trustee has substantially concluded his administration of the Estate. The Records are no longer of any use whatsoever to the Trustee, and their continued existence will not bestow any meaningful benefit upon the Estate.

22. The Estate is continuing to bear the cost of storing the Ohio Records, despite the fact that these Records are not needed. Consequently, the Trustee believes that destroying substantially all of the Records in the Estate's possession would be in the Estate's best interest – with the exception of those few Records (if any) that the Trustee may deem necessary to retain for concluding his administration of the Estate, i.e. making a final distribution to creditors and filing final tax returns.

23. In addition, the Trustee believes that allowing California Counsel and the Delaware Plaintiff to destroy the Records that they possess, or may come to possess, would similarly serve the Estate's best interest. Pursuant to the California and Delaware Stipulations, those parties are required to destroy, at their own expense, any Records in their possession upon this Court's entery of an order authorizing such destruction. Allowing those parties to destroy the Records in their possession pursuant to the respective Stipulations would save the Estate from incurring the associated costs.

24. Finally, the Trustee notes that he is concerned about protecting the privacy of the Debtor's former customers and employees. To this end, the Trustee has determined that destroying the Records would be in the those individuals' best interest.

25. Under these circumstances, the Trustee respectfully submits that the relief requested in this Motion is appropriate, and in the best interest of the Estate and all interested parties.

**Notice and Conclusion**

26. The Trustee is serving this Motion upon the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel to the Debtor; (iii) the top twenty (20) unsecured creditors of the Debtor; (iv) California Counsel; (v) Counsel for the Delaware Plaintiff; and (vi) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date.

27. The Trustee respectfully submits that limiting service to only the Notice Parties is appropriate under the circumstances, and will provide adequate notice to parties in interest.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the attached form: (i) authorizing, but not directing, the abandonment and destruction of all of the Records; and (ii) granting any such further relief as may be appropriate.

Dated: May 14, 2012

COZEN O'CONNOR

/s/ Simon E. Fraser
Mark E. Felger (No. 3919)
Simon E. Fraser (No. 5335)
1201 North Market Street, Suite 1400
Wilmington, DE 19801-1246
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Special Counsel to Jeoffrey L. Burtch,
Chapter 7 Trustee*